**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BB&T FINANCIAL, FSB, and
BRANCH BANKING AND TRUST COMPANY
OF NORTH CAROLINA,

        Plaintiffs,

vs.                                             Case No. 3:13-cv-00478-UATC-JRK

BERNARD J. DEGEORGE, JR.,

        Defendant,

---

MECHELLE DEGEORGE, and
BERNARD J. DEGEORGE, JR.,

        Counter Claimants,

vs.

BRANCH BANKING AND TRUST COMPANY
OF NORTH CAROLINA,

        Counter Defendant.

---

**ORDER**

This case is before the Court on Counterclaim Plaintiffs Bernard and Mechelle DeGeorge's Motion to Remand (Doc. 15). There has already been lengthy litigation in this case in state court, as well as filings in United States Bankruptcy Court and a prior removal to this Court resulting in a remand. For the foregoing reasons, this case is again due to be remanded.

I. Background

BB&T Financial, FSB ("BB&T") filed a complaint (Doc. 2) in state county court seeking recovery of $2,102.41 in damages, plus $210.00 in interest and other fees, for nonpayment under Defendant Bernard DeGeorge's credit card agreement. Federal jurisdiction is alleged to arise from a counterclaim served by the DeGeorges on April 11, 2013 naming Branch Banking and Trust Company of North Carolina ("Branch Banking and Trust") as the Counterclaim Defendant and asserting claims of "Fradulent/intentional, Negligent &/or Innocent Misrepresentation" as to two construction projects involving Defendant/Counter-Claimant Bernard DeGeorge's now defunct company DeGeorge Enterprises, Inc. ("DEI"), and as to checking accounts and lines of credit; unjust enrichment; statutory and common law conspiracy; negligence and/or comparative negligence; intentional infliction of emotional distress; involuntary peonage; breach of fiduciary duty; quantum meruit; and res ipsa loquitur. Doc. 4. Counterclaim Defendant Branch Banking and Trust filed a Notice of Removal (Doc. 1) in this Court contending that the counterclaim asserts federal statutory causes of action and seeks damages in excess of the amount required for federal jurisdiction. Doc. 1 at 7.

At the outset, the Court notes that the original state court complaint was filed by BB&T Financial, FSB against Bernard DeGeorge. Mr. DeGeorge filed what he identified as a counterclaim, though it appeared to have been actually intended as a third party complaint against Branch Banking and Trust, alleging violations of federal law unrelated to BB&T's state court complaint or the credit card underlying that cause of action. Normally, a defendant cannot raise a "counterclaim" against a third party for actions unrelated to the

subject matter of the lawsuit; however, as it turned out, BB&T Financial, FSB and Branch Banking and Trust had merged prior to the filing of the counterclaim.[1]

II. Jurisdiction

The burden of establishing that federal jurisdiction is proper lies with the party seeking removal to federal court. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001). Moreover, removal statutes are to be narrowly construed and uncertainties must be resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). See also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Ludwig v. Liberty Mut. Fire Ins. Co., 2013 WL 2406320, at *3 (M.D.Fla. June 3, 2013).

A. Federal Question

Branch Banking and Trust asserts that federal jurisdiction is proper because the DeGeorge's counterclaim invokes a federal statute, and 28 U.S.C. § 1441 provides for removal of pending state court actions if federal courts would have had original jurisdiction. However, "[c]ourts have previously acknowledged that there is a distinct difference between

---

[1] Branch Banking and Trust informed the Court in its Notice of Removal that "[e]ffective January 1, 2013, BB&T Financial, FSB merged into Branch Banking and Trust Company of North Carolina. Due to this merger, consent of any additional party is not necessary to effectuate this removal." Doc. 1 at 1; see also doc. 12 at 1 ("Effective January 1, 2013, BB&T Financial, FSB merged into Branch Banking and Trust Company of North Carolina."); doc. 20 at 1 (same). By indicating that no further consent was necessary for removal, as well as substituting "Branch Banking and Trust Company" for "BB&T Financial" in pleadings and referring to itself as the plaintiff, Branch Banking and Trust intimates that it has become the sole litigating entity as both plaintiff and counterclaim defendant. The DeGeorges also note in their counterclaim that the two parties represented themselves as and have since become the same party. See doc. 4 at 2 ("Due to the merger, Counterclaim Defendant Branch Bank is now the owner of the alleged claim in [this] action."); 6 ("Counterclaim Defendant Branch Bank and BB&T FSB appear to have acted on behalf of their holding company. All three (3) comingled names, logos, offices, etc., interchangeably . . . .").

3

defendants that were originally plaintiffs to a suit and defendants who had nothing to do with the suit but were joined by a counterclaim[,]" because "a counterclaim defendant who is not a plaintiff does not voluntarily choose to bring suit in state court and thus should be viewed differently than the counterclaim defendant, who as a plaintiff, originally brought suit in state court in the first place." North Star Capital Acquisitions, LLC v. Krig, 2007 WL 3522425, at *2 (M.D.Fla. Nov. 15, 2007). This distinction is important here because "a counterclaim defendant, who was already in the lawsuit as the original plaintiff, cannot remove pursuant to § 1441(c)." Id. (citing Texas v. Walker, 142 F.3d 813, 816 (5th Cir. 1998); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002)).

Because of the merger, the Court has determined that BB&T, FSB and Branch Banking and Trust are the same entity for purposes of this litigation and therefore Mr. DeGeorge's claims are properly viewed as counterclaims against post-merger Branch Banking and Trust. Accordingly, Branch Banking and Trust, as plaintiff in the original lawsuit at the time the DeGeorges filed their counterclaim and the party who chose to bring the action in state court, cannot now remove the action as the counterclaim defendant. The case was improvidently removed to federal court based on federal question jurisdiction and must be remanded absent some other basis for jurisdiction.

B. Diversity

The rationale for remand discussed above may also apply in the context of analyzing whether this Court has diversity jurisdiction, though it is not as clear. Nevertheless, remand is required because the counterclaim cannot provide the basis for invoking federal jurisdiction in this case.

Title 28, United States Code, Section 1332 provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is diversity of citizenship among the parties. Defendant Bernard DeGeorge, together with his wife Mechelle DeGeorge, counterclaim for damages in the amount of $2,615,234.08 for wrongs allegedly arising out of construction financing.[2] Doc. 4 at 30.

A defendant's counterclaim, even when seeking more than the jurisdictional amount, cannot serve as the basis for establishing the requisite amount in controversy for federal diversity jurisdiction. See First Guar. Bank & Trust Co. v. Reeves, 86 F.Supp. 2d 1147, 1155 (M.D.Fla. 2000)("The weight of authority compels the conclusion that a federal district court may not consider a counterclaim when determining the amount in controversy in the removal context. The Court will consider only the allegations as stated in the complaint at the time of removal."); see also Plant Food Systems, Inc. v. Foliar Nutrients, Inc., 2012 WL 5387701, at *9 (M.D.Fla. Oct. 3, 2012)("Plaintiff has . . . valued its damages at $30,000 – well shy of the required amount in controversy. . . . Although the counterclaim purports to allege generally that the amount in controversy for Defendant's claims . . . exceeds $75,000, the amount in controversy with respect to the complaint is the object of the litigation from the Plaintiff's perspective, not Defendant's.")(citing Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns, Inc., 120 F.3d 216, 219-20 (11th Cir. 1997)). Because plaintiff Branch

---

[2] Although Branch Banking and Trust contends these claims are not properly brought by Bernard DeGeorge in his individual capacity since any arrangements were between Branch Banking and Trust and DEI, see doc. 12 at 7, the Court need not consider the merits of this argument since the case is due to be remanded.

Banking and Trust's state court complaint sought less than the minimum amount required for federal jurisdiction at the time of removal, this Court cannot exercise its diversity jurisdiction.

III. Conclusion

As the original plaintiff in state court by virtue of its merger with BB&T, FSB, Branch Banking and Trust is not permitted to seek removal to this Court based upon a counterclaim purportedly establishing federal question jurisdiction, and its state court complaint does not establish the minimum amount in controversy to support diversity jurisdiction. Branch Banking and Trust has therefore failed to meet its burden of establishing any basis for this Court to exercise jurisdiction over this action.

Accordingly, it is hereby

**ORDERED**:

1. Counterclaim Plaintiffs' Motion to Remand (Doc. 15) is **GRANTED**. The case is remanded to the Fourth Judicial Circuit in and for Clay County, Florida.

2. Plaintiff BB&T's Motion to Dismiss Counterclaim (Doc. 12), Counterclaim Plaintiff's Motion to Consolidate Cases (Doc. 25), and Counterclaim Plaintiffs' Motion for Leave to Amend Counterclaim (Doc. 36) shall be carried with the case to be decided by the state court upon remand.

3. Counterclaim Plaintiffs' Motion for Leave to File Amended Motion to Remand and Amended Response to Motion to Dismiss (Doc. 18), Motion for Evidentiary Hearing (Doc. 27), and Motion for Miscellaneous Relief (Doc. 32) are **DENIED AS MOOT**.

4. Plaintiff BB&T's Motion for Extension of Time (Doc. 19) is **GRANTED**. The Court

deems Plaintiff's Response (Doc. 21) to have been timely filed.

     5. Counterclaim Plaintiffs' Motion for Sanctions (Doc. 31) is **DENIED**.

     6. The Clerk is directed to close the file.

     **DONE AND ORDERED** at Jacksonville, Florida this 5th day of September, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ab.
Copies:

counsel of record
pro se party